Price, J.
The amended petition lacks definite statement as to the nature of the “mistake in fact and oversight made in said account” which it alleges, and, on application of the defendant, without doubt, the lower court would have required the plaintiff to be more specific and set out the mistake or mistakes, and the particular fact or thing that was overlooked by the parties in making up their accounts. No such application or order was made, and for the purposes of appeal, it is not necessary that a petition be perfect, if it substantially sets up a cause of action.
It was held by the circuit court that the case sought to be made in the amended petition is not appealable, and for that reason the appeal was dismissed. This view is urged in most part, because this court, in Willson Improvement Co. v. Malone, 78 Ohio St., 232, overrules Black, Receiver, v. Boyd, 50 Ohio St., 46, the petition in the latter case, it is alleged, being exactly like the amended petition before us.
Our examination shows that the petitions are not entirely similar. In Black v. Boyd, supra, the plaintiff predicated his claim for an accounting and equitable relief, on the alleged fact, that the bank, in that case, and Boyd had had mutual dealings through a period of at least ten years, and the Plain City Bank and the defendant Boyd “have kept books of account touching said dealings, which accounts and the items thereof extend to a very large number, and that the aggregate, of said items exceed the sum of $600,000. The said plaintiff and the said defendant have been trying to adjust said items of account, and to *411 come to a settlement of the same, but they have been unable to adjust or settle their account.” The reason for such failure was the large amount the defendant claimed would be due him, and that the plaintiff could not agree to that.
There was no allegation of fraud or even mistake. Nothing but a very large number of items aggregating a large sum of money, and a stubbornness of disposition of the parties in reference to a settlement, appear as the ground for equitable relief. That case presented merely a long current account between the parties, many items of debt and credit during the ten years of business requiring care and patience in placing in order and summing up many figures on each side of the account, and yet it was a suit for the recovery of money only in which a jury trial might be demanded.
Such is not quite the case before us. It has similar averments in the amended petition, but there is one distinguishing feature in the present case. In addition to what was averred in Black v. Boyd, supra, it is alleged that: “the plaintiff and defendant -have been trying to adjust said items of account, but because of a mistake in fact and oversight made in said account, which mistake in fact and oversight in said account was carried from time to time in the account of both plaintiff and defendant, and they have been unable to adjust and settle their said account,” etc.
As we have already intimated, the effort to plead an appealable case is somewhat feeble, but the assertion that a mistake or mistakes permeating the account of each of the parties, and carried *412 forward from time to time during the years alleged, standing as a block to a mutual settlement, gives color and character to the plaintiff’s case. The character of these mistakes should have been set out, but the court did not require it, and we are left to determine whether a jury is the proper tribunal to discover and correct mistakes, preliminary to finding what may be due either of the parties. It would seem unreasonable that a jury of twelve men can intelligently determine what mistakes have occurred in the accounts of the parties, and how they affect the adverse claims of each. This process would involve the restating of the accounts in order to eliminate mistakes, a labor more congenial to the court, or a master.
If we look to the answer filed to the amended petition, we find that the defendant denies most of its allegations and proceeds to plead periodical settlements between himself and the bank; the stating of his account by the bank and striking a balance, all of which the bank entered in defendant’s pass book as a correct statement of the account. There were several of such balancings of the account, and defendant alleges that the bank and he agreed that such statement was correct.
The reply charges that these statements and balances made by the bank were made under mistake, as to the credits which the bank had given' defendant to which he was not entitled and that these erroneous credits were carried through each of the several balances.
While the right of the plaintiff to appeal generally depends on the relief sought in his petition, we think the right may be made clearer by the *413 pleading of his adversary, and in that respect we refer to the answer and reply in this case.
We are of opinion the circuit court should have entertained the appeal, and that it erred in dismissing it.

Judgment reversed.

Davis, C. J., Spear, Shaucic, Johnson and Donahue, JJ., concur.